IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALEXANDER, | : | |
| Petitioner, | : | 1:15-cv-0009 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent. | : | |

## MEMORANDUM

July 31, 2015

Petitioner, Craig Alexander, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner claims that his due process rights were violated during the course of a prison disciplinary hearing held in April 2003 at the United States Penitentiary at Pollock ("USP-Pollock"), Louisiana. (Doc. 1, p. 8). He seeks expungement of the incident report and restoration of lost privileges. (Doc. 1, p. 8). The petition is ripe for disposition. For the reasons set forth herein, the petition will be dismissed.

I.  **FACTUAL BACKGROUND**

On March 30, 2003, Petitioner was charged with "Possessing Intoxicants," Code 222, in Incident Report Number 1089816. (Doc. 11-1, ¶ 3). A disciplinary hearing was held on April 29, 2003, at which time he was found to have

committed the prohibited act for which he was charged. (*Id.* at ¶ 4). He was sanctioned to twenty-one days of disciplinary segregation and an additional nine days of disciplinary segregation that was suspended pending 180 days of clear conduct. (*Id.*) The proceeding did not result in the loss of good conduct time. (*Id.* at ¶ 5).

## II.   DISCUSSION

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law. *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. *Id.* To invoke the Due Process Clause, Petitioner must first identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners are entitled to due-process protection only when the disciplinary action results in the loss of good-conduct time or when a penalty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Petitioner fails to set forth a cognizable due process claim as the disciplinary sanctions he received do not implicate any liberty interests that are protected by the Due Process Clause.  *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming dismissal of habeas petition where disciplinary sanctions did not result in the loss of good conduct time).  Petitioner did not lose good conduct time.  He was simply sanctioned to a minimal period of disciplinary segregation.  This sanction did not implicate a protected liberty interest because it did not result in any atypical or significant hardships in relation to the ordinary incidents of prison life.  *See, e.g.*, *Robinson v. Norwood*, 535 F. App'x. 81, 83 (3d Cir. 2013) (finding that placement in administrative segregation for days or months at a time does not implicate a protected liberty interest); *Jones v. Thomas*, No. 3:13-cv-3105, 2014 WL 3113420 (M.D. Pa. July 7, 2014) (concluding that temporary placement in disciplinary segregation, and temporary loss of commissary and telephone privileges do not implicate protected liberty interests).  Because the sanctions imposed did not include a loss of good conduct time and, therefore, had no impact on the fact or length of his sentence or confinement, the petition is subject to dismissal.  *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x. 172 (3d Cir. 2007).

A separate Order will issue.